UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDYN MITCHELL,
    Plaintiff,

vs.                                                              Case No.: 3:24cv210/LAC/ZCB

J. WEST, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this case by filing a civil rights complaint. (Doc. 1). The Court informed Plaintiff of deficiencies in his complaint and instructed him to file an amended complaint. (Doc. 12). Plaintiff filed an amended complaint, but it suffered from the same deficiencies. (Doc. 13). The Court provided him another opportunity to correct those deficiencies, and he has now filed a second amended complaint. (Docs. 15, 17).

Because Plaintiff is proceeding *in forma pauperis* (Doc. 10), the Court is statutorily required to review the second amended complaint to determine whether this action is frivolous, malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B). Having reviewed the second amended complaint, the Court believes dismissal of one Defendant and some of Plaintiff's claims against the other Defendants is warranted for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## I. Background

Plaintiff names as Defendants three prison officials at Blackwater River Correctional Facility: Lieutenant J. West, Warden M. Neal, and Captain D. Miller. (Doc. 17 at 1-3). Plaintiff alleges Defendant Miller sprayed him in the right eye with a chemical agent on September 17, 2021, while Defendant West recorded the incident with a hand-held camera. (*Id.* at 5). Plaintiff alleges he had a corneal implant in his right

---

[1] As previously mentioned, Plaintiff was given two opportunities to amend his complaint when prior versions were found deficient. Although Plaintiff has filed a second amended complaint, the deficiencies remain. Thus, dismissal is warranted. *See generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint").

2

eye two years prior, and he says the chemical agent caused him to lose vision in that eye. (*Id*. at 5-6). Plaintiff alleges Defendant West then threatened him with physical harm if he reported the incident. (*Id*. at 5). Plaintiff further alleges he reported Defendant West's conduct to Defendant Neal, but she refused to do anything about it. (*Id*.). Plaintiff alleges Defendants harassed him until he was transferred to a different institution. (*Id*. at 5-6). He alleges he was transferred in retaliation for reporting the use of force. (*Id*. at 6).

Plaintiff claims that Defendants' conduct violated the Eighth Amendment. (Doc. 17 at 7; Doc. 17-1). He seeks $25,000.00 for the loss of vision in his right eye, pain and suffering, migraine headaches, anxiety, and stress. (*Id*. at 6-7).

## II.   Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Thus, "assertions devoid of further factual enhancement" fail to satisfy the pleading standard under Rule 8. *Id.* at 678.

## III. Discussion

### A. Plaintiff has not stated a plausible basis for holding Defendant Neal liable for the use of force by Defendants Miller and West.

Plaintiff's Eighth Amendment claim against Defendant Neal is based upon her failure to take action on Plaintiff's complaint about Miller and West's use of chemical agent.

Section 1983 claims may not be brought against supervisory officials based on vicarious liability or *respondeat superior*. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (citation omitted). A supervisor may be liable under § 1983 only if that supervisor "personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional violation." *Id.* Facts sufficient to establish a causal connection include those "which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Causation may also be established where the supervisor's improper custom or policy, or absence of a policy, resulted in deliberate indifference to

5

constitutional rights. *Ingram v. Kublik*, 30 F.4th 1241, 1254 (11th Cir. 2022); *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 957 (11th Cir. 2019). Either way, though, to prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." *Piazza*, 923 F.3d at 957. Allegations of a single incident of unconstitutional conduct cannot state a claim for supervisory liability. *Id.* at 957-58.

Here, Plaintiff does not allege that Defendant Neal personally participated in the use of chemical agent. Plaintiff also does not allege facts sufficient to show that any action (or inaction) by Defendant Neal caused the allegedly excessive use of chemical agent by Defendants Miller and West. Thus, Plaintiff has not stated a basis for imposing § 1983 liability against Defendant Neal for her subordinates' alleged use of excessive force.

### B. Plaintiff has not stated a plausible § 1983 claim for alleged verbal threats or harassment.

Plaintiff claims that after Defendants Miller and West applied chemical agent, Defendant West threatened him, and then all three Defendants harassed him. (Doc. 17 at 5-6).

Verbal abuse or harassment alone is insufficient to state an Eighth Amendment claim.[2] *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (finding verbal taunts directed at an inmate, even if they are distressing, do not deprive the inmate of constitutional rights); *see also Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) ) ("[A]llegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim").

Moreover, Plaintiff's allegations are conclusory and unsupported by sufficient facts. For this additional reason, Plaintiff has not stated a

---

[2] Plaintiff does not allege that any Defendant carried out any verbal threat.

7

plausible § 1983 claim against any Defendant for alleged harassment. *See Swan v. Sec'y, Fla. Dep't of Corr.*, No. 16-10001-C, 2016 WL 11854895, at *2 (11th Cir. July 11, 2016) (affirming district court's dismissal of plaintiff's § 1983 claims of harassment because plaintiff asserted no factual allegations in support of those claims).

### C. Plaintiff has not stated a plausible claim of retaliatory transfer.

Plaintiff alleges he was transferred to a different correctional institution in retaliation for his reporting the use of chemical agent by Defendants Miller and West. (Doc. 17 at 6).

Assuming that Plaintiff is asserting a First Amendment retaliation claim, he must show that "he engaged in protected speech, that officials retaliated against him, an adverse effect on his protected speech, and a causal relationship between the retaliation and the adverse effect." *Smart v. England*, 93 F.4th 1283, 1289 (11th Cir. 2024). A prisoner may state a claim under the First Amendment when he alleges that he was punished for filing a grievance or lawsuit concerning the conditions of his imprisonment. *Id*.

8

Here, Plaintiff's reporting Defendants Miller and West's use of force (chemical agent) was protected speech. But Plaintiff does not allege that Defendant Miller, Defendant West or Defendant Neal had any role in the decision to transfer him to a different institution. Absent facts tying any Defendant to the transfer, Plaintiff has not stated a plausible retaliation claim against any Defendant.

### IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Eighth Amendment claims against Defendant Neal be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff's Eighth Amendment claims against Defendants Miller and West based on verbal threats or harassment be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff's retaliation claims against all Defendants be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

4.      This matter be recommitted to the undersigned for further proceedings on Plaintiff's Eighth Amendment claims of excessive force against Defendants Miller and West.

At Pensacola, Florida, this 31st day of October 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.